## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| IN RE: WELLINGTON & PULASKI CONDOMINIUM ASSN, INC. Involuntary Debtor | US Bankruptcy Case No.: 15-35476 |
| CITY OF CHICAGO, a municipal corporation, Plaintiff v. | IN RE: Circuit Court of Cook County - Municipal Division Case No. 2011-M1-400718 |
| LEONARDO COPPOLA, 3731 N. ST. LOUIS LLC, WELLINGTON & PULASKI CONDOMINIUM ASSOCIATION, GOTHAM CORPORATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, et. al. Defendants | FILED UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS NOV 16 2015 JEFFREY P. ALLSTEADT, CLERK PS REP. - DDS |

### PETITION FOR REMOVAL OF CASE FROM THE
### CIRCUIT COURT OF COOK COUNTY - MUNICIPAL DIVISION

**Now Comes, Leonardo Coppola**, a named defendant in Circuit Court of Cook County, civil case number **11-M1-400718 ("State Court Proceeding")** and, pursuant to **28 USC §1334(a), 28 USC §1334(e), hereby Petitions this honorable United States District Court for removal** of the State Court Proceeding **in its entirety** and for assignment of the matter to the United States Bankruptcy Court, case number **15-BK-35476**, pursuant to **28 USC 1452, 28 USC § 157, and Fed. R. Bankr. P. 9027** as further and specifically pleaded below:

### STATEMENT OF JURISDICTION OF THE U.S. DISTRICT COURT

Jurisdiction of the United States District Court is found at **28 USC § 1334(a)**, which states:

    (a)    Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."

-1-

and **28 USC § 1334(e)**, which states:

> (e)    The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
> (1)    of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; ..."

As it relates to a proceeding in Bankruptcy, Jurisdiction for the removal of a civil action in state court proceedings is found at **28 U.S.C. §1452, 28 U.S.C. §157 and Fed. R. Bankr. P. 9027**.

## STATEMENT OF FACTS

**Petition in Bankruptcy**

1)   An Involuntary Petition, pursuant to **Title 11 U.S.C. §303(b), was filed October 19, 2015** in the U.S. Bankrupcty Court as **case number 2015-BK-35746**. The **Debtor** is the Wellington & Pulaski Condominium Association (hereinafter "**WPC**").

**Property Description**

2)   The subject property (the "Property") at issue in the State Court Proceeding (see Plaintiff's "Second Amended Complaint" (**the "Complaint"**) attached hereto as **Exhibit "A"**) consists of a parcel of real estate improved by a brick, concrete, and steel frame 3 story building of approximately 16,000 square feet of combined floor space, together with exterior porches and stairs, basements and various hardscaping, is further subdivided into 19 condominium units pursuant to the Illinois Condominium Property Act **(765 ILCS 605/1)**. The **WPC** Plat of Survey (attached hereto as **Exhibit "B-1"**) and Declaration of Condominium and By Laws (attached hereto as **Exhibit "B-2"**) were recorded with the Office of the Cook County Recorder of Deeds on January 9, 2007 as document number 0700910587, and denote the **legal description** of the Property as:

-2-

>LOTS 1 AND 2 IN BLOCK 3 IN BELMONT GARDENS, BEING A SUBDIVISION OF PART OF THE NORTHEAST 1/4 OF SECTION 27, TOWNSHIP 40 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 18, 1913 AS DOCUMENT NUMBER 5209764, WHICH SURVEY IS ATTACHED TO THE DECLARATION OF CONDOMINIUM RECORDED JANUARY 9, 2007 AS DOCUMENT NO. 0700915087, AND AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN COOK COUNTY, ILLINOIS,
>
>and **commonly known as**: 2954, 2956 and 2958 North Pulaski Road and 4003, 4005, 4007 and 4009 West Wellington Avenue, Chicago, Illinois 60641

Further, the property is identified by its underlying **parcel identification number** ("**PIN**") 13-27-221-029-0000 and further identified by subdivided PINs 13-27-221-037-1001 through and inclusive of 13-27-221-037-1019.

## Core Proceeding

3) The claims pleaded herein may be considered **core proceedings in the Bankruptcy Court** as defined at **28 USC 157(b)(2)** because the Property, its condominium Units and the attendant undivided common and limited common elements, comprises the primary asset of the estate in bankruptcy.

## Petitioner as Named Party and as a Tenant in Common with the United States

4) **Petitioner, Leonardo Coppola,** is the possessor of an aggregated twenty-three and 458/1000 (23.458) percent fee simple interest together with the undivided common interest in the WPC and is **a tenant in common with the United States**. (see notarized and publicly recorded Warranty Deed evidencing ownership of Petitioner attached as **Exhibit "C"**).

**Federal National Mortgage Association as a Named Party and as a Tenant in Common**

5) The Federal National Mortgage Association ("**Fannie Mae**"), a named Defendant in the State Court Proceeding, is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 3900 Wisconsin Avenue, NW, Washington, D.C. 20016-2892. Fannie Mae, among other things, is empowered to purchase, sell and service mortgages. **12 U.S.C. § 1717(b)**. Fannie Mae holds fee simple title to units 4007 #2, 4007 #3, 2958 #2, and 2958 #3 (see attached **Judicial Sale Deeds as Exhibit(s) "D-1", "D-2", "D-3" and "D-4"**) and the attendant undivided interest in the common and limited common elements of WPC as a tenant in common with all other WPC owners, and has, at other times since January 1, 2008, held the fee simple title and attendant undidvided interests in common of Unit 4009 #2 (**Exhibit "D-5"**) and Unit 4005 #1 (**Exhibit "D-6"**) in WPC.

**Federal Home Loan Mortgage Corporation As Tenant In Common And *Unnamed Defendant**

6) The Federal Home Loan Mortgage Corporation ("Freddie Mac"), identified in the state court proceeding Complaint as a Unit Owner but NOT a named Defendant, is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 8200 Jones Branch Drive, McLean, Virginia 22102-3110. Freddie Mac, among other things, is empowered to purchase, sell and service mortgages. Freddie Mac owns unit 4007 #1 and its attendant undivided interest in the common and limited common elements of WPC (**Exhibit "D-7"**), and has, at other times since January 2008, owned Unit 4005 #1 (**Exhibit "D-8"**) in WPC.

*The Plaintiff, City of Chicago, has not named Freddie Mac as a Defendant in the state court proceeding, despite the City's pleading that Freddie Mac is a Unit Owner and therefore a required party in the state court proceeding.*

## U.S. Department of Housing and Urban Development *("HUD") As Tenant In Common And Unnamed Defendant

7) A "Proof of Ownership" was filed by the law firm of Burke, Warren, MacKay & Serritella, P.C. in the state court proceeding on January 13, 2013 (see attached **Exhibit "E"**) representing, in regard to Unit 2956 #3 in the WPC, that:

> "Defendant . . . JPMorgan Chase Bank, N.A. ("Chase")" "Pursuant to Order of June 17, 2010 (Ex. 6), the property was deeded to HUD by Intercounty Judicial Sales Corporation on June 28, 2010, a true and accurate copy of which is attached as Ex. 7. That deed has not been recorded, and Chase continues to service the property."

Accordingly, HUD holds a direct, unrecorded and undivided common interest as a tenant in common of the Property.

*The Plaintiff, City of Chicago, has not named HUD as a Defendant in the state court proceeding, despite the City's knowledge that HUD has an ownership interest in the Property and is therefore a required party in the state court proceeding.*

## Debtor, WPC, is a named Defendant and a tenant in Common with the United States

8) The Debtor in bankruptcy, WPC, itself holds a recorded fee simple interest and undivided common interest as a tenant in common of the Property. (see attached Quit Claim Deeds for Units 4003 #3, 4003 #1 and 4003 #2 as **Exhibits "D-9", "D-10" and "D-11"**, respectively).

## Plaintiff is a municipal corporation

9) Plaintiff, City of Chicago, is a municipal corporation organized and existing under the laws of the State of Illinois.

## Relief Sought in State Court Proceeding

10) Plaintiff, City of Chicago, in the Complaint filed April 9, 2012. In addition to alleging police and regulatory powers, Plaintiff avers jurisdiction in the Circuit Court of Cook

-5-

County pursuant to **735 ILCS 605/14.5,** known colloquially as the "Distressed Condominium Act."

11) The **Distressed Condominium Act ("DCA")** was enacted by the legislature of the State of Illinois in 2009 and became effective January 1, 2010, approximately 3 years after the lawful subdivision of the Property and after more than 75% of the Units in the Property had been sold and mortgaged to federally insured financial institutions.

12) **As of the effective date of the DCA, Freddie Mac and Fannie Mae were already fee simple owners and tenants in common of WPC,** and both GSE's were under the conservatorship of the FHFA at all times relevant to the Complaint in the state court proceeding.

13) Plaintiff, City of Chicago, in the **Complaint** it **filed April 9, 2012**, at Paragraph 8, Pg. 11, **seeks the entry of "an Order:**

    A.   **Declaring that all Defendants** violated the Building Code of the City of Chicago at the Subject Property;
    B.   **Fining all Defendants $500 for each violation of the Code listed herein, whereby each and every day** that a violation of the Code persists constitutes a separate and distinct violation;
    C.   **Requiring all Defendants to immediately repair, cure, and abate the violations of the Code listed herein;**
    D.   **Requiring all Defendants to hire licensed and bonded professionals to repair, cure, and abate the violations of the Code listed herein;**
    E.   Requiring all Defendants to secure the plans and permits required to repair, cure, and abate the violations of the Code listed herein; and
    F.   Granting any other relief that this Court deems appropriate.

14) Plaintiff, City of Chicago, at Complaint page 17, Paragraph F. seeks an "order pursuant to 765 ILCS 605/14.5 (c )(2) declaring:

    a.     That the property at 2954-2960 N Pulaski/ 4003-4009 W. Wellington is no longer a condominium;

    b.     That the property is deemd to be owned in common by each of the unit owners;

    c.     That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements; and,

    d.     That any liens affecting any unit shall be deemed to be attached to the undivided interest of the unit owner in the property as provided herein.

And, at paragraph G.

"Authorize the receiver to enter into a sales contract and transfer the title of the property on behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d)."

**Authority of the FHFA as conservator of Fannie Mae and Freddie Mac and as a Party in Interest**

15) Federal Housing Finance Agency ("FHFA") is an independant federal agency located at 1700 G Street, NW in Washington, D.C. and was created on July 30, 2008, pursuant to the **Housing and Econominc Recovery Act of 2008 (HERA), Pub L. No. 110-289, 122 Stat. 2654 codified at 12 U.S.C. § 4617 et seq. ("HERA")**, to oversee Freddie Mac, Fannie Mae and the Federal Home Loan Banks. On September 6, 2008, the Director of FHFA, also pursuant to HERA, placed Freddie Mac and Fannie Mae into conservatorship and appointed FHFA as Conservator. In that capacity, FHFA has the authority to exercise all rights and remedies of Freddie Mac and Fannie Mae, including, but not limited to, the authority to bring suits on behalf of and/or for the benefit of Freddie Mac and/or Fannie Mae, as codified at 12 U.S.C. § 4617 et. seq. and 12 U.S.C. § 1717 et. seq. As conservator of Freddie and Fannie, FHFA may a vested interest in the entirety of WPC through Freddie and Fannie's undivided interest in the common and limited common elements of WPC. 12 CFR Parts 1229 and 1237 detail the mission, authority and powers of the Federal Housing Finance Agency. Among those powers granted by Congress are:

§ 1237.3 Powers of the Agency as conservator or receiver.

   (a) Operation of the regulated entity.

      The Agency, as it determines appropriate to its operations as either conservator or receiver, may:

      (1) Take over the assets of and operate the regulated entity with all the powers of the shareholders (including the authority to vote shares of any and all classes of voting stock), the directors, and the officers of the regulated entity and conduct all business of the regulated entity;

      (2) Continue the missions of the regulated entity;

      (3) Ensure that the operations and activities of each regulated entity foster liquid, efficient, competitive, and resilient national housing finance markets;

      (4) Ensure that each regulated entity operates in a safe and sound manner;

      (5) Collect all obligations and money due the regulated entity;

      (6) Perform all functions of the regulated entity in the name of the regulated entity that are consistent with the appointment as conservator or receiver;

      (7) Preserve and conserve the assets and property of the regulated entity (including the exclusive authority to investigate and prosecute claims of any type on behalf of the regulated entity, or to delegate to management of the regulated entity the authority to investigate and prosecute claims); and

      (8) Provide by contract for assistance in fulfilling any function, activity, action, or duty of the Agency as conservator or receiver.

   (b) Agency as receiver. The Agency, as receiver, shall place the regulated entity in liquidation, employing the additional powers expressed in 12 U.S.C. 4617(b)(2)(E).

   (c) Powers as conservator or receiver. The Agency, as conservator or receiver, shall have all powers and authorities specifically provided by section 1367 of the Safety and Soundness Act and paragraph

    (a) of this section, including incidental powers, which include the authority to suspend capital classifications under section 1364(e)(1) of the Safety and Soundness Act during the duration of the conservatorship or receivership of that regulated entity.

(d)    Transfer or sale of assets and liabilities. The Agency may, as conservator or receiver, transfer or sell any asset or liability of the regulated entity in default, and may do so without any approval, assignment, or consent with respect to such transfer or sale. Exercise of this authority by the Agency as conservator will nullify any restraints on sales or transfers in any agreement not entered into by the Agency as conservator. Exercise of this authority by the Agency as receiver will nullify any restraints on sales or transfers in any agreement not entered into by the Agency as receiver.

***The Plaintiff, City of Chicago, has not named FHFA as a Defendant in the state court proceeding, despite the City's knowledge that FHFA has an ownership interest in the Property and is therefore a required party in the state court proceeding.***

**Memorandum of Understanding by and between FHFA and City of Chicago, 11-cv-08795 NDIL**

16)    On April 3, 2014, an Agreed Order of Dismissal was entered in U.S. District Court for the Northern District of Illinois - Eastern Division, the Hon. Thomas M. Durkin, Judge, in settlement of the matter captioned "FEDERAL HOUSING FINANCE AGENCY, on its own behalf and as conservator of Fannie Mae and Freddie Mac." Pursuant to the Order,

> "For as long as the Federal Housing Finance Agency ("FHFA") continues as conservator of the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), the City of Chicago ("City") will not enforce sections 13-12-126 through - 128 of the Municipal Code of Chicago ("Code Sections") against FHFA, **in its capacity as Conservator, or Fannie Mae or Freddie Mac as Mortgagees, or any entity acting on their behalf as Mortgagees . . . including properties in which Fannie Mae or Freddie Mac have an ownership interest** or security interest, by ensuring that vacant residential buildings are appropriately addressed, as provided in the **Memorandum of Understanding between the City and FHFA dated March 28, 2014**, that is attached to this Order as an Exhibit and that is hereby incorporated by reference in its entirety and made a part of this Order as if full set forth in this Order . . . ***Fannie***

***Mae and Freddie Mac shall not be subject to any penalties or enforcement measures by the City in connection with such properties***, including for failure to register such properties, under the Code sections." **(Emphasis added)**.

17) The City of Chicago issued Permit # 100351782 on December 3, 2010 to "Replace Existing Porches with One New Steel Porch and Two Wood Porches." (Copy of Permit attached as **Exhibit "G"**).

18) The WPC board of directors contracted with and retained licensed architect David M. Madia to prepare the architectural documents and obtain the permits necessary to complete the porch work denoted above, and to generally advise the Board on any possible building code violations that either affected the common and limited common elements of the Property and any Units within the Property. (see Affidavit of David M. Madia attached as **Exhibit "H"** - note: original signed document is in the possession of attorney Adam S. Tracy, Illinois attorney # 45374).

19) Copies of the architectural drawings denoted above are attached hereto as **Exhibit "I"**.

20) The WPC board of directors also contracted with and retained licensed architect George Simoulis, who opined on March 9, 2012, prior to the filing of Plaintiff's Second Amended Complaint, that "the Property is in substantial compliance with all relevant building and related code requirements of the City of Chicago, the State of Illinois and all recognized national standards." (see Affidavit of George W. Simoulis, attached as **Exhibit "J"** - note: original signed document is in the possession of attorney Adam S. Tracy, Illinois attorney # 45374).

21) Pursuant to the City of Chicago, Department of Buildings, Porch & Deck Supplemental Check Sheet (attached hereto as Exhibit "K"), "This check sheet must be completed at the time of inspection for any porch or deck which has not been previously inspected using this or previous versions of the Check Sheet. Check sheets must be filed with the Supervisor and retained for record of the inspection."

Upon information and belief, no such porch inspection check sheet has ever been completed or filed with any Supervisor of the Department of Buildings.

**Notice of Automatic Stay**

22) The **Plaintiff in the State Court Proceeding**, City of Chicago, **was formally noticed on October 21, 2015** (copy of Notice of Automatic Stay file stamped by the Clerk of Court for the Circuit Court of Cook County attached as Exhibit "F") **and counsel for City of Chicago filed its appearance on the ECM/Pacer system in Bankruptcy case number 2015-BK-35746** on November 3, 2015.

23) This Petition is signed pursuant to **Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9027**.

## COUNTER CLAIMS AND AFFIRMATIVE DEFENSES

Pursuant to the Affidavit of Leonardo Coppola, attached hereto and incorporated herein as **Exhibit "L"**:

24) The City of Chicago's true purpose in bringing and continuing suit against WPC and its Unit Owners is not the proper exercise of police powers and regulatory enforcement, but rather pecuniary in that the City's Department of Law and Department of Buildings has:

    a) concealed various improper acts by inspectors employed by the City of Chicago, Department of Buildings, who conspired with the managing partner of WPC Developer, 3731 N St. Louis LLC, Carl P. Palladinetti, to evade City of Chicago ordinances requiring zoning review and building permits be issued prior to the subdivision of an existing building resulting in conversion to a condominium property, thereby increasing the profits of the Developer by more than $500,000.00 through inflated appraisals and sales to individuals who obtained mortgages from federally insured financial institutions aggregating in total to more than $1,500,000.00. In the instant, Stop Work Orders and citations for new construction were suppressed in order to conceal the actual mortgage worthiness of specific condominium Units 2958 #3, 4003 #1, 4003 #3, 4005 #1, 4007 #1, 4007 #2, 4007 #3, 4009 #2 in the WPC, thereby lulling other purchasers for value into believing other units, specifically 4005 #2 and commercial units #1, #2 and #3 were of greater value than they actually were.

    b) conspired with the law firms Pierce & Associates, P.C., Codilis & Associates, P.C., and law firm Burke, Warren, MacKay & Serritella P.C. to conceal the systemic and

-11-

        continuing enterprise of recording of Judicial Sale Deeds containing the robosigned and or forged signature purporting to be that of Nancy R. Vallone, Chief Executive Officer of The Judicial Sales Corporation, and containing false and/or forged notarial statements of Illinois notaries Kristin M. Smith, Veronica Lamas, Jackie Nickel, and Francisca Villa affixed to said Judicial Sale Deeds attesting to the signature of Nancy R. Vallone, and affixed to the Statement by Grantor and Grantee, in violation of the laws of Illinois and the United States, thereby drawing into question the fee title ownership of condominium units 2958 #3, 4003 #1, 4003 #3, 4005 #1, 4007 #1, 4007 #2, 4007 #3, 4009 #2 in the WPC, all while assessing legal fees, notarial fees and recording fees to both the mortgagees in related foreclosure suits and to Fannie Mae and Freddie Mac as the assignees of the mortgagees post-foreclosure; and,

c.     conspired with the law firms of Pierce & Associates, P.C. and Codilis & Associates, P.C., and law firm Burke, Warren, MacKay & Serritella P.C., to "deconvert" WPC in order to evade the financial responsibility of the servicing agents represented by said law firms in the payment of regular and special assessments and related late fees owed the WPC, as mandated by HUD, Freddie Mac and Fannie Mae; and,

d.     conspired with attorney Howard Kilberg to aid and abet evading the financial responsibility of the servicing agents represented by the law firms of Pierce & Associates, P.C. and Codilis & Associates, P.C., and law firm Burke, Warren, MacKay & Serritella P.C. in the payment of regular and special assessments and related late fees owed the WPC, as mandated by HUD, Freddie Mac and Fannie Mae; and,

e.     conspired with Community Investment Corporation, and its subsidiaries, Community Initiates, Inc., and TBI Holdings, Inc., to increase costs to the Property by alleging the need for unnecessary repairs and submitting false invoices that increased costs (see attached **Exhibit "M"**) to WPC and to Fannie Mae and Freddie Mac with the intent to devalue the Property in order to gain control over the Property, to ultimately sell the Property to one or more entities that would borrow funds from Community Investment Corporation, all for pecuniary gain; and,

## SUMMARY

It is clear that the Circuit Court of Cook County can not possess complete jurisdiction in the State Court Proceeding and that the **U.S. District Court does possess complete jurisdiction.**

The Property of the Debtor is at the cruxt of the state court proceeding, as specified herein, and is the primary asset of the Debtor at issue in the Bankruptcy proceeding.

**The primary claims of the Plaintiff, City of Chicago, are directed against the primary asset of the estate of the Debtor and are not a true exercise of a police or regulatory power scheme** that would exempt the state court proceeding from removal to the U.S. District Court's jurisdiction.

Further, the **United States holds fee title interest as a tenant in common in the Property**.

The enforcement of Building codes against the fee simple and undivided common interest of the Federal Government is **preempted by the National Housing Act (12 USC § 1701 et. seq.)**.

In Country Club Hills v United States Department of Housing and Urban Development, 99 C 7139, NDIL, **Memorandum Opinion and Order, Sept. 17, 2001,** the Honorable Harry D. Lienenweber, Judge, concluded that *"The City's enforcement of its building ordinances against HUD and its contract property manager is barred by the Supremacy Clause"* citing McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316 (1819), "[T]he states have no power ... to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by congress to carry into execution the powers vested in the general government. This is ... the unavoidable consequence of that supremacy which the constitution has declared." Id. at 436."

Any Orders entered in the State Court Proceeding, insofar as they create or would create a lien against the Property or subject the Property to a pecuniary penalty, are preempted by 12 USC § 4617(j), which states:

> (1) Applicability. **The provisions of this subsection shall apply with respect to the Agency in any case in which the Agency is acting as a conservator or a receiver.**
> (2) Taxation. The Agency, including its franchise, its capital, reserves, and surplus, and its income, shall be exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any real property of the Agency shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed, except that, notwithstanding the failure of any person to challenge an assessment under State law of the value of such property, and the tax thereon,

shall be determined as of the period for which such tax is imposed.

(3) Property protection. **No property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency.**

(4) Penalties and fines. The Agency shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due.

Each of the respective Federal entities, FHFA, Fannie Mae, Freddie Mac and HUD have authority to remove the state court proceedings.

For instance, The Federal Home Loan Mortgage Corporation Act at **12 USC 1452 (f)** states:

> Actions by and against the Corporation; jurisdiction; removal of actions; attachment or execution issued against the Corporation - Notwithstanding section 1349 of title 28 or any other provision of law,
>
> (1) **the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such title 28;**
>
> (2) **all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value;** and
>
> (3) **any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation,** without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is located, by following any procedure for removal of causes in effect at the time of such removal."

**Petitioner, Leonardo Coppola, possesses** Commercial Unit 1, Commercial Unit 2, and Commercial Unit 3 of the Wellington & Pulaski Condominium, **and holds said Units in fee simple interest,** aggregating a 23.456 percent **undivided ownership interest of the common and limited common elements of the condominium as a whole, as a tenant in common with the U.S. Department of Housing & Urban**

-14-

Development (4.8 percent), the **Federal National Mortgage Association** (18.716 percent), and the **Federal Home Loan Mortgage Corporation** (7.959 percent), cummulatively aggregating a 54.931 majority interest in the Wellington & Pulaski Condominium. The **deeds evidencing the fee simple interest of both Petitioner (Exhibit C) and the United States (Exhibit D) are attached hereto and incorporated herein.**

The Plaintiff, City of Chicago, can not exercise jurisdiction or authority over the property interests of the United States and the assets of the Debtor and any interest of any creditor in the assets of the Debtor appropriately should be found to lie within the jurisdiction of the United States District Court and the United States Bankruptcy Court.

**WHEREFORE**, Petitioner respectfully requests this honorable court grant Petitioner's request of statutory privilege and remove the State Court Proceeding to the Bankruptcy Court for the Northern District of Illinois.

Respectfully submitted, this 16nd day of November, 2015

_____
Leonardo Coppola, Petitioner Pro Se

Leonardo Coppola
(844) 321-2100

c/o Options Law Group, P.C.
123 West Madison Street, Suite 1400
Chicago, Illinois 60602
(844) 321-2100

### VERIFICATION

I, Leonardo Coppola, pursuant to 28 U.S.C. 1746, verify under penalty of perjury that the foregoing is true and correct to the best of my belief and knowledge.

Executed this 16th day of Nov, 2015.

_____
Leonardo Coppola, Petitioner Pro Se

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
NOV 16 2015
JEFFREY P. ALLSTEADT, CLERK
PS REP. - DDS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT - FIRST DISTRICT

| | |
|---|---|
| The City of Chicago, a municipal corporation,        ) <br> ) <br> )  <br>  Plaintiff,        ) <br> ) <br> vs.        ) <br> ) <br> Leonardo Coppola, et. al.        ) <br> ) <br> ) <br> ) <br> ) | **Case number: 11-M1-400718** <br><br> Property Address: <br> 2954 - 2960 N Pulaski Rd / <br> 4003-4009 W Wellington Ave <br> Chicago, Illinois 60641 |

### NOTICE OF PETITION TO REMOVE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, CASE NUMBER 2015-BK-35476

**PLEASE TAKE NOTICE** that on this 16th day of November, 2015 at 4:25 p. O'Clock a.m., I did file with the Clerk of Court for the United States Bankruptcy Court, District of Northern Illinois, Eastern Division, the attached Petition to Remove from the Circuit Court of Cook County, case number 2011-M1-400718 pursuant to 28 USC 1344(e)(1), 28 USC 1346(f), 28 USC 2409a, 12 USC 12 USC 4617(j), . A copy of this Petition has been served upon the Party(s) denoted on the Service List attached hereto.

_____
Leonardo Coppola
Fee Title Owner of an undivided interest in Wellington & Pulaski Condominium Association, Involuntary Debtor, and as a Tenant in Common with the United States

Leonardo Coppola
c/o Options Law Group
123 W Madison St., Suite 1400
Chicago, IL 60602