UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re | Chapter 11 Case No. 15 B-035476 |
|---|---|
| Wellington & Pulaski Condominium | Judge Carol A. Doyle |
| Association Inc., | Hearing Date: 12/02/2015 |
| Debtor. | Hearing Time: 10:30 a.m. |

**MOTION TO DISMISS INVOLUNTARY BANKRUPTCY PROCEEDINGS**
**PURSUANT TO 11 U.S.C. § 303(b)**

COMES NOW the Movants, CHI4005 L.L.C., an Illinois limited liability company and owner of units 4005-3 and 2956-2; 4003 Wellington 2 Inc., an Illinois corporation and owner of unit 4003-2, and Blue Star Holdings Inc., owner of unit 4009-1, all members of the Wellington & Pulaski Condominium Association ("association"), by their attorneys and, pursuant to Section 11 U.S.C.§303(b) of the United States Bankruptcy Code, move this Honorable Court to dismiss the Involuntary Bankruptcy Petition filed against the association by George Somer (Somer), Provest De II Inc. (Provest De), and Provest Realty Services Inc. (Provest Realty), each creditor alleging a bona fide uncontested indebtedness by the association. In support of the motion, the Movants state as follows:

**INTRODUCTION**

The association is an Illinois not-for-profit corporation consisting of nineteen residential and commercial units located at 2960 North Pulaski Road, Chicago, Illinois.

2015 CHI4005 L.L.C, an Illinois limited liability company and 4003 Wellington 2 Inc., an Illinois corporation (Movants) are the plaintiffs in the removed proceeding which was presided over by the Honorable Kathleen Kennedy in Cook County, Illinois Circuit Court case 14 CH 14052 (State Court Proceeding). The removed case is now an adversary proceeding

1

before this Honorable Court. Movants assert in the State Court Proceeding that Somer along with Reed diverted and removed by electronic transfer (wire fraud) an amount in excess of $140,000.00 from the bank accounts of the Movants and the association and transferred those funds into a bank account over which they had control in the name of 7942 Country Club Inc. (7942), an Illinois corporation and their alter-ego. Pursuant to order of court J.P. Morgan Chase Bank provided 1641 pages of scanned bank records of Somer, Reed, the association, 7942 and Provest, some of which memorialize the illegal transfers from the J.P. Morgan Chase bank accounts of the association and the Movants into the J.P. Morgan Chase bank accounts Somer, Reed and 7942.

On September 24, 2015 CHI4005 L.L.C. filed suit against Somer and Reed, among others, in the State Court Proceeding asserting breach of fiduciary duty, theft, conversion, wire fraud and other civil causes of action. On September 25, 2015 the Honorable Kathleen Kennedy conducted an emergency Ex-Parte proceeding to consider whether there was a factual basis for Movants verified claims against Somer and Reed, whether there was a reasonable likelihood that the Movant would prevail, and whether there was sufficient basis to enter a Temporary Restraining Order (TRO). After examining and considering published evidence in the U.S. Fed. Reporter (221 F.3d 1345 [**Ex 4**] and 724 F.2d 677 [**Ex 5**] of Reed's federal indictments for wire fraud, bank fraud and money laundering as well as his two convictions and his incarceration; after examining all the J. P. Morgan Chase banking records of the Plaintiffs, Reed, Somer, 7942, and the association, and after hearing testimony, the Honorable Kathleen Kennedy entered a Temporary Restraining Order (TRO), a copy of which is attached hereto. [**EX 1**.] Judge Kennedy found that it appeared from the specific facts shown that "immediate and irreparable loss will result to the plaintiff and that if an injunction does not issue" there will be "**continued**

**dissipation of assets of the condo association and conversion of association assets for personal gain.**" Judge Kennedy temporarily removed Somer and Reed from the association Board of Managers (and they remain off the Board) and froze their J. P. Morgan bank accounts (the accounts remain frozen).

On October 8, 2015 Plaintiff filed its First Amended Complaint adding 4003 Wellington 2 Inc. as a new plaintiff alleging it too suffered the same electronic diversion of its monthly assessments from what it believed to the be association's J. P. Morgan bank account into the J. P. Morgan bank account owned and controlled by Somer and Reed using the name 7942 Country Club Inc. **[Ex2, Ex3]**

With their bank accounts frozen, with access to association funds cut off, and with Judge Kennedy prepared to enter Rules to Show Cause against Reed and Somer as well as considering other measures, Somer and Reed conspired to [1] file a Chapter Eleven Involuntary Bankruptcy Petition based upon the allegations of three alleged creditors and [2] file and serve upon the Plaintiffs and Judge Kennedy an automatic stay of proceedings, and they did so on October 19, 2015

The members of the association assert there is no debt owed to the three alleged creditors and that there is a bone fide dispute as to the liability and amount of the alleged non-contingent debts.

**THE STATUTORY REQUIEMENTS FOR AN INVOLUNTRY CHAPTER ELEVEN BANKRUPTCY PROCEDING HAVE NOT BEEN SATISFIED.**

1.     111U.S.C. §303(a) provides in pertinent part:

    **(a)** An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a

3

moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,325[(*)] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

2. On October 19, 2015 Somer, Provest De and Provest Realty filed their joint Petition for Involuntary Bankruptcy against the association in case 15-35476.

3. Provest De alleges it is a secured creditor of the association and is owed $168,000.00.

4. Provest Realty alleges it is an unsecured creditor of the association and is owed $15,000.00.

5. Somer alleges he is a secured creditor and is owed $175,000.00.

6. The Movants and the members of the association re-assert no such indebtedness or loans exist and that there is a bona fide dispute as to the amount and liability of the association.

7. On October 16, 2015, pursuant to the September 25, 2015 TRO, Reed delivered to the chambers of Judge Kathleen Kennedy the alleged books and records of the association through October 16, 2015 consisting of 94 bate stamped pages.

8   Included in the production of association documents were minutes of the annual association meetings as well minutes of association Board of Manager meetings.

9.      None of the produced association documents included statutory notices of meetings and their proposed agendas where any indebtedness to Somer, Provest De, Provest Realty or any other person or entity was a listed as a matter to be discussed.

10.     None of the produced association minutes discussed, made reference to or memorialized any approved Resolutions by the Board of Managers or any approved Resolutions by the unit owners authorizing any officer of the Board of Managers or any other person to execute any Note or any document memorializing any indebtedness in any amount on behalf of the association to Somer, Provest De, Provest Realty or any other person or entity.

11.     None of the produced association minutes or documents memorialized any demands for payment of the alleged debts, notices of default of the alleged dents, lis pendens, service of summons, judgments or post judgment proceedings regarding the alleged debts which would reasonably put the members of the association on notice or demonstrate the association was indebted to Somer, Provest De, Provest Realty or any other person or entity.

12.     The bank records provided by J. P. Morgan Chase produced pursuant to order of court demonstrate that Reed had total control over the finances of the association as well as 7942 and that all instruments of payment, deposit and withdrawal where under the control and signature of Reed.

13.     The bank records provided by J. P. Morgan Chase produced pursuant to order of court demonstrate that Reed was a signatory on the bank accounts of Provest.

12.     Commencing October 21, 2015 and ending on November 16, 2015, counsel for the members of the association and the plaintiffs in the adversary proceeding and counsel for the three creditors had telephone conversations regarding each alleged debt.

13. As late as November 16, 2015 counsel for the three creditors acknowledged he was willing but unable to produce copies of the associations' alleged financial obligations because he did not have them and he had not seen them.

14. As late as November 16, 2015 Counsel for the three creditors acknowledged he had never met the three alleged creditors.

15. As late as November 16, 2015 Counsel for the three creditors acknowledged he did not witness the three alleged creditors sign the Chapter Eleven Involuntary Petition.

16. As late as November 16, 2015 Counsel for the three creditors acknowledged he only had met with Reed regarding the Chapter Eleven Involuntary Petition even though Reed was not a creditor of the association.

17. It is inconceivable that an attorney for three alleged creditors in a Chapter Eleven Involuntary Proceeding would file a petition for Involuntary Bankruptcy without examining the documents memorializing each of the alleged debts, without meeting the alleged creditors and without witnessing the alleged creditors execute the petition.

18. The failure to produce the documents within 28 days of filing the Involuntary Petition is suspect, and any documents produced after November 16, 2015 would be subject to the severest scrutiny.

18. The court ordered bank records of Reed, Somer, the association, 7942 and Provest as well as the records of the Illinois Secretary of State demonstrate it is not inconceivable and more likely than not that Reed orchestrated a fraud on the association as well as fraud on the court to circumvent the State Court Proceeding and circumvent Judge Kennedy for financial gain.

19. Reed is not a stranger to fraud, theft and wire fraud. Reed was convicted twice for fraud in the United State District Court for the District of Minnesota by gaining the confidence of a

church's pastor and taking control of church savings and stealing $278,000.00 from US Bank. See **Ex 4**. and **Ex 5.**

20. There is no indebtedness to Somer, Provest De, Provest Realty or any other person or entity which has not been manufactured for improper purposes and which is part of an ongoing scheme to defraud the association and this honorable court.

21. Notwithstanding the foregoing, Movants do not waive their right to file a Motion to Dismiss under Section 305 of the Act in the event this motion is denied.

## **CONCLUSION**

Somer, Reed and the alleged creditors have set upon a course of fraudulent conduct intended to incapacitate the association, abuse the judicial processes and secure title to the condominium building as payment for the fraudulent debts. The alleged creditors and Reed have shared the same residential addresses at a variety of UPS stores as set out in the Involuntary Petition, all located at 205 E Butterfield Rd., Elmhurst, Illinois; 1153 Lee Street, Des Plaines, Illinois and 310 Busse Rd., Park Ridge, Illinois and 1751 W Howard Street, Chicago, Illinois. Movants offer it is no coincidence that Reed is the only person who has met with counsel for the creditors, that Reed is a signatory on checks for Provest, the association and 7942 and that they share common UPS store addresses to hide from service of summons. There is a commonalty between Reed and the creditors.

The debts are disputed and there is a bona fide dispute as to liability and amounts of alleged non contingent financial obligations. The statutory requirement set out in Section 303 is unsatisfied. The involuntary proceeding should be dismissed.

**WHEREFORE**, Movant, CHI4005 L.L.C., and 4003 Wellington 2 Inc., as well as Blue Star Trading Inc pray as follows:

A.    That this Court enter an order dismissing the Involuntary Bankruptcy Petition of George Somer, Provest De II Inc. and Provest Realty Services Inc against the Wellington & Pulaski Condominium Association.

B.    That this court grant leave to the Movants to seek sanctions, attorney fees and punitive damages against Reed, Sommer, Provest De II, Inc, Provest Realty Services Inc. for filing their petition in bad faith and for improper purposes; and

C    For such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    CHI4005 LLC and 4003 Wellington2 Inc., Movants

By:    /s/ Kenneth A. Henry
    Kenneth A. Henry, Esq., Attorney for Movants

Kenneth A. Henry, Esq. (ARDC No. 1193457)
Attorney for Movants
One North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 857-0100
khenry@kahlaw.com