**UNITED STATE BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br>Wellington & Pulaski Condominium<br>Association Inc.,<br>Debtor. | Chapter 11 Case No. 15 B-035476<br>Judge Carol Doyle<br>Hearing Date: 12/09/2015<br>Hearing Time: 10:30 a.m. |

**MOTION TO REFUSE JURISDICTION AND DISMISS INVOLUNTARY**
**BANKRUPTCY PROCEEDINGS PURSUANT TO 11 U.S.C. § 305**

COMES NOW the Movants, CHI4005 L.L.C., an Illinois limited liability company and owner of units 4005-3 and 2956-2; 4003 Wellington 2 Inc., an Illinois corporation and owner of unit 4003-2; and Blue Star Holdings Inc., owner of unit 4009-1; all members of the Wellington & Pulaski Condominium Association ("association"), by their attorneys and, notwithstanding their motion to dismiss this involuntary proceeding pursuant to Section 11 U.S.C. §303 of the United States Bankruptcy Code, file in the alternative, this Motion to Dismiss this Involuntary Proceeding pursuant to 11 U.S.C. §305. The Movants request this Honorable Court to refuse jurisdiction and dismiss the Involuntary Bankruptcy Petition filed by George Somer (Somer), Provest De II Inc. (Provest De), and Provest Realty Services Inc. (Provest Realty), who have alleged, without any supporting documentation, bona fide uncontested indebtedness.

**INTRODUCTION**

The association is an Illinois not-for-profit corporation consisting of nineteen residential and commercial units located at 2960 North Pulaski Road, Chicago, Illinois. The association is not insolvent, there is no evidence of insolvency, and it does not require reorganization.

On September 24, 2015, CHI4005 L.L.C. filed suit against Somer and James Reed (Reed), among others, in Cook County, Illinois circuit court case 2015 CH 14052 asserting, amount other things, breach of fiduciary duty, dissipation of association assets for personal gain,

1

theft of association assessments and reserves, conversion of association working capital, wire fraud and other civil causes of action, some of which have corresponding criminal counterparts that are now under investigation.

On September 25, 2015, in case number 2015 CH 14052, the Honorable Kathleen Kennedy conducted an emergency ex-parte proceeding to [1] consider whether there was a factual basis for Movant's verified claims against Somer, Reed and 7942 Country Club Inc. ("7942"), the alter ego of Somer and Reed; [2] whether there was a reasonable likelihood that the Movant would prevail; and [3] whether there was sufficient basis to enter a Temporary Restraining Order. After examining and considering published evidence in the U.S. Fed. Reporter (221 F.3d 1345, 724 F.2d 677) of Reed's federal indictments for wire fraud, bank fraud and money laundering as well as his two convictions and his incarceration which is set out in Exhibit 2 of Movant's Rule 303 motion and which is incorporated herein by reference; after examining the J. P. Morgan Chase banking records of Reed, Somer, 7942, and the association; and after hearing testimony, the Judge Kennedy entered a Temporary Restraining Order, a copy of which was attached to Movant's Rule 303 motion and is incorporated by reference. [**Ex 1**.] Judge Kennedy found that it appeared from the specific facts shown that "**immediate and irreparable loss will result to the plaintiff** and that if an injunction does not issue" (emphasis added) there will be "**continued dissipation of assets** of the condo association and conversion of association assets **for personal gain**." (emphasis added). Judge Kennedy temporarily removed Somer and Reed from the association Board of Managers (and they remain off the Board) and froze their J. P. Morgan Chase bank accounts (the accounts remain frozen). On or about September 29, 2015, Judge Kennedy conducted a second hearing regarding the TRO in which Reed was represented by Robert M Prince ("Prince"). At that hearing Prince did not present any new evidence which

2

required Judge Kennedy to reverse the September 25th TRO nor did Prince ever suggest to the court or the Plaintiffs that the Association was bankrupt. On October 8, 2015, Plaintiff filed its First Amended Complaint in the State Court Proceeding adding 4003 Wellington 2 Inc., an Illinois corporation and owner of unit 4003-2, as a new plaintiff alleging that it too suffered the same electronic diversion of its monthly assessments by Reed and Somer. Since filing its First Amended Complaint, plaintiffs, and in particular 4003 Wellington 2 Inc., have discovered by examination of the court ordered financial records from J P Morgan Chase bank that 4003 Wellington 2 Inc.'s unit purchase price of approximately $34,500.00 was, within days of its wire transfer deposit into the association bank account, electronically transferred to the JP Morgan Chase bank account of 7942, which account is owned and controlled by Somer and Reed. Since filing its First Amended Complaint, plaintiffs have discovered by examination of the court ordered financial records from J P Morgan Chase bank that Reed and Somer electronically removed from the association's J P Morgan Bank account over $70,000.00 from other condominium unit sales and transferred those funds into the JP Morgan Chase bank account of 7942, which account is owned and controlled by Somer and Reed.

With their bank accounts frozen, with access to association funds cut off, and with Judge Kennedy prepared to enter Rules to Show Cause against them on October 19, 2015 as well as considering other punitive orders, Somer and Reed conspired to file an illegal Chapter 11 Involuntary Bankruptcy Petition based upon the signatures of the three creditors who never entered into any authorized financial transaction with the association. This court will not be surprised to discover that the members of Provest De II and Provest Realty Serivces also allege they reside in UPS stores.

On December 2, 2015, pursuant to Order of court, this court remanded the above-referenced State Court Proceeding to the chief judge of the Circuit Court of Cook County, Illinois.

## THE INTERESTS OF THE CREDITORS AND THE ALLEGED DEBTOR WOULD BE BETTER SERVED BY THE DISMISSAL OF THE INVOLUNTRY CHAPTER 11 BANKRUPTCY PROCEDINGS

1. 11 U.S.C. §305 provides in pertinent part:

    (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if - (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or (2)(A) a petition under section 1515 for recognition of a foreign proceeding has been granted; and (B) the purposes of chapter 15 of this title would be best served by such dismissal or suspension.

2. "It has been well established that good faith is an implied jurisdictional requirement for filing a Chapter 11 case.… A petitioner's good faith use of bankruptcy is equally of concern when considering abstention and dismissal under § 305(a).") see *In re Brookdale Gardens Ass'n, Inc.*, 2010 WL 2015264 (Bankr. D.N.J. May 10, 2010).

3. A principle of the common law requires a court with jurisdiction over a particular matter to take jurisdiction. 11 U.S.C.§305 recognizes that there are cases in which it would be appropriate for the court to decline jurisdiction. Abstention under this section, however, is of jurisdiction over the entire case.

4. The September 25, 2015 TRO provided, in pertinent part:

    "Reed, Somer and the Association are ordered to deliver to the court clerk in room 2502 the entire books, records, minutes, bank accounts, ledgers, financial records and reports, Association Board meetings, association annual minutes and notices by 4:30PM on Monday September 28, 2015."

5. Notwithstanding the order, on October 16, 2015, Reed delivered to the chambers of Judge Kathleen Kennedy the books and records of the association through October 16, 2015 consisting of 94 bate stamped pages.

6. None of the produced association documents made reference to or memorialized any approved Resolutions by the Board of Managers or any approved Resolutions by the unit owners authorizing any officer of the Board of Managers to execute any document creating any indebtedness on behalf of the association to Somer, Provest De, Provest Realty or any other person or entity.

7 None of the produced documents memorialized any demands for payment, notices of default, lis pendens, service of summons, judgments or post judgment proceedings which would reasonably put the member of the association on notice or demonstrate that an officer of the association executed any documents by which the association became indebted to Somer, Provest De, Provest Realty or some other person or entity.

8. None of the produced documents included any financial records, statements, annual reports, certified annual financial reports and other regular documentation kept in the ordinary course of business.

9. If the books and records of the association produced pursuant to the order of Judge Kennedy are a barometer of good faith to satisfy the aforesaid jurisdictional requirement, there has been a failure to meet that burden.

10. If the Temporary Restraining Order entered by Judge Kennedy is a measure of the jurisdictional requirement of good faith on the part of Somer, that Judge Kennedy would remove Somer from the association Board of Managers, that Judge Kennedy would freeze Somer's bank accounts; that Judge Kennedy would bar Somer from access to all association assets and that

Judge Kennedy would find that her failure to enter the restraining order would be to permit "continued dissipation of condo assets", Somer would fail the jurisdictional requirement of good faith.

11. If the December 2, 2015 response of Somer to the request of this Honorable Court for Somer to provide his residential address is a demonstration of good faith testimony, Somer's residency in a UPS store does not satisfy the jurisdictional requirement of good faith.

12. In addition to considering whether there has been a reasonable demonstration of good faith on the part of creditors, **" courts have considered seven factors when determining whether a case should be suspended or dismissed under section 305(a)(1) on the basis that the interests of creditors and the debtor would be better served by such dismissal or suspension.**

> 1) **the economy and efficiency of administration;**
> 2) **whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;**
> 3) **whether federal proceedings are necessary to reach a just and equitable solution;**
> 4) **whether there is an alternative means of achieving an equitable distribution of assets;**
> 5) **whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;**
> 6) **whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and**
> 7) **the purpose for which bankruptcy jurisdiction is sought."** *See In re Marciano*, 446 B.R. 407, 433 (Bankr. C.D. Cal. 2010), citing *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464-65 (Bankr. S.D.N.Y. 2008). *See also In re Paper I Partners, L.P.*, 283 B.R. 661 (Bankr. S.D.N.Y. 2002)

13. By application of the seven factors, it appears first that the sole purpose for filing the Chapter 11 Involuntary Bankruptcy Proceeding was to terminate the ongoing State Court Proceeding, remove any authority from the Honorable Kathleen Kennedy to enter additional adverse orders, and allow the association to implode.

14. Second, there is no evidence the association is insolvent. The association has clear and unencumbered title to two residential units in the condominium, which when rented will generate over $2,000.00 per month or if sold, generate approximately $80,000.00 in immediate income . Neither Somer, the current removed president of the association nor Reed, the previous president of the association, has ever notified any unit owner, any lender, any municipal official, any creditor, any judge or any other person or entity that the association is insolvent. The J. P. Morgan Chase bank records of Reed, Somer, and 7942 demonstrate a one-way trail of illegal wire transfers by Reed and Somer from the association's J. P. Morgan Chase bank accounts into J. P. Morgan Chase bank accounts controlled by Reed and Somer, all which has the effect of diminishing the financial status of the association.

15. Third, the Circuit Court of Cook County, Illinois offers an existing and appropriate forum where the pleading and discovery stages were ongoing until the removal by Reed, who had no standing to do so. Nothing prevents the three creditors from filing a third party complaint or a counter complaint in the Circuit Court of Cook County, Illinois. Judge Kennedy was and is well equipped to determine whether the claims of the three alleged creditors are real or manufactured and whether the Movants and members of the association are able to establish whether the allegations set out in their verified first amended complaint are true.

16. Fourth, the economy and efficiency of the administration of the existing State Court Proceeding avoids the unnecessary burden of re-starting the process when all the parties,

including the alleged creditors, are subject to the jurisdiction of the circuit court of Cook County, Illinois.

17. Fifth, federal proceedings are not required or necessary to resolve whether the three alleged creditors have valid, legal and binding claims or whether the association is legally indebted to Somer, Provest De and Provest Realty or any other person or entity.

18. With the State Court Proceedings having been returned to the circuit court of Cook County, Illinois, Judge Kennedy will be able to modify the TRO and fashion a remedy for the safe collection of monthly association assessments and payment of the association's day to day financial obligations.

19. The United States District Court for the Northern District of Illinois and this Bankruptcy Court have no legitimate interest in whether Reed, Somer and 7942 are guilty of dissipation of association assets, fraud, theft, conversion and breach of fiduciary duty, other than pure curiosity, which is insufficient to confer jurisdiction.

20. The interests of the alleged creditors, the interests of the alleged debtor and the interests of the United States Bankruptcy Court would be better served by the dismissal of the Involuntary Chapter 11 Bankruptcy Proceedings, thereby permitting the alleged creditors to seek redress in a proper forum.

## CONCLUSION

George Somer, James Reed, Provest De II Inc, and Provest Realty Services Inc. come to this honorable court in bad faith and with unclean hands. The have failed to demonstrate the association is unable to meet its financial obligations and is bankrupt. They have failed to establish the alleged obligations are undisputed. They have failed to establish that any of the alleged secured obligations were authorized and approved after Notice to the unit owners. They

have failed to establish that any of the alleged secured obligations were authorized and approved by Resolution of a properly constituted Board of Managers or signed by an elected and authorized officer of the association. They have failed to satisfy the implied jurisdictional requirement of good faith for filing an Involuntary Chapter 11 proceeding.

While this honorable court is not a court of equity, Section 305 is unique and allows this honorable court to decline jurisdiction. Notwithstanding the time and effort which this court has already expended in order to determine that the petition of Reed to remove the state proceeding was false and that the TRO entered against Reed and Somer by Judge Kennedy was justified; and notwithstanding the court's comments regarding the manner by which the Involuntary Chapter 11 proceeding was filed; in this circumstance refusing jurisdiction and dismissing this proceeding is the proper and appropriate remedy. Whether Rule 11 sanctions should be considered is a matter for the court to determine.

The association is not insolvent. The association has been seriously weakened by Reed and Somer, who have breached the trust and fiduciary duty reposed in them by dissipating the assets of the association for "personal gain." [See Exhibit 1]. There is simply no reason why this honorable court should not decline jurisdiction when the State Court Proceedings are immediately available to adjudicate all the claims without further crippling the innocent association unit owners. By refusing jurisdiction the association will be in the position to elect new officers and permanently extricate the cancer in the Board of Managers.

**WHEREFORE**, Movant, CHI4005 L.L.C., and 4003 Wellington 2 Inc., as well as Blue Star Trading Inc., pray as follows:

A. That this Court enter an order declining jurisdiction and dismissing the Involuntary Bankruptcy Petition of George Somer, Provest De II Inc. and Provest Realty Services Inc against the Wellington & Pulaski Condominium Association.

B. That this Court grant leave to the Movants to seek Rule 11 attorney fees and punitive damages against Reed, Sommer, Provest De II, Inc, Provest Realty Services Inc. for filing their petition in bad faith and for improper purposes; and

C For such other and further relief as this Court deems just and proper.

Respectfully submitted,

CHI4005L.L.C., 4003 Wellington 2 Inc., Blue Star Holdings Inc.

By: /s/ Howard Kilberg
Howard Kilberg, Esq., One of the Attorneys for Movants

Kenneth A. Henry, Esq. (ARDC No. 1193457)
Attorney for Movants
One North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 857-0100

Howard Kilberg (ARDC No. 1458833)
Attorney for Movants
One North LaSalle Street
Chicago, Illinois 60602
(312)236-7734